UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TRUSTEES OF THE LOCAL 373 PENSION FUND,

                Plaintiff,

-against-

WENDY McDONAGH, STEPHANIE ULRICH and
CINDY NORTON,

                Defendants.
-------------------------------------------------------------x

'08 CIV 5040

**COMPLAINT**

JUDGE KARAS

Plaintiff, Trustees of the Local 373 Pension Fund by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for unjust enrichment for the wrongful retention of pension funds.

## **PARTIES**

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect pension contributions on behalf of the employees of the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Plaintiff's principal office is located and administered at 76 Pleasant Hill Road, Mountainville, New York 10953, County of the Orange.

8. Upon information and belief, the defendant, Wendy McDonagh is the child of Richard Wanamaker, a deceased member of the Plaintiff Pension Fund, and Defendant resides at 225 Valley Road, Valley Cottage, New York 10989, County of Rockland.

9. Upon information and belief, the defendant, Stephanie Ulrich is the child of Richard Wanamaker, a deceased member of the Plaintiff Pension Fund, and Defendant resides at 87 Pinta Road, Pearl River, New York 10965, County of Rockland.

10. Upon information and belief, the defendant, Cindy Norton is the child of Richard Wanamaker, a deceased member of the Plaintiff Pension Fund, and Defendant resides at 5 Vinebrook Avenue, Cornwall-On-Hudson, New York 12530, County of Orange.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11. Upon information and belief, Defendants each received monthly benefits after their father's death in the amount of $880.33. On or about January 2006, Defendants were notified that the benefits would be paid over the course of 15 months.

12. Upon information and belief, as a result of a computer error, Defendants continued to receive two (2) monthly pension payments in the amount of $880.33 after the termination date.

13. The total amount of overpayments to each of the Defendants is in the sum of $1,760.66 and Plaintiffs have demanded payment from Defendants. Defendants have refused this demand.

14. On September 27, 2007 and October 29, 2007, Defendants were sent additional letters by counsel herein by regular and certified mail advising each of the overpayment of $1,760.00 and requesting return of the overpayment to avoid litigation.

15. Plaintiff is a multi-employer plan and the lack of these funds and unnecessary costs incurred has injured the participants of the benefit plan.

16. Under the circumstances, it is inequitable for the Defendants to retain the pension benefits. The Defendants would be unjustly enriched to the detriment of the Plaintiff Fund if the benefits were not returned.

17. Accordingly, the Defendants are liable to the Plaintiff in the amount of aggregate sum of 5,281.98, plus interest.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" of this Complaint as if fully set forth at length herein.

19. Section 29 USCA 1132 (g)(1) provides the court in its discretion may allow reasonable attorneys fees and costs of an action.

20. The Defendant knowingly failed to return funds that were not intended for her.

21. The Plaintiff is a benefit fund and the costs incurred in recovering the benefits unjustly received should be recovered from the Defendant.

22. Accordingly, Defendant is also liable to Plaintiff for all attorneys' fees and costs associated with this matter.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendants as follows:

    a. Against Defendant Wendy McDonagh in the amount of $1,760.00, plus interest;

      b. Against Defendant Stephanie Ulrich in the amount of $1,760.00, plus interest;

      c. Against Defendant Cindy Norton in the amount of $1,760.00, plus interest;

      d. Attorney fees and costs pursuant to Section 29 USCA 1132 (g)(1)) and

      e. For such other and further relief as the court deems appropriate

Dated: Elmsford, New York
      May 20, 2008

                    Respectfully submitted,

                    BARNES, IACCARINO, VIRGINIA,
                    AMBINDER & SHEPHERD, PLLC

                    By: _____
                    Karin Arrospide (KA 9319)
                    Attorneys for Plaintiffs
                    258 Saw Mill River Road
                    Elmsford, New York 10523
                    (914) 592-1515